JPM Physical Therapy, P.C. v Foremost Prop. & Cas. Ins. Co. (2026 NY Slip Op 50089(U))

[*1]

JPM Physical Therapy, P.C. v Foremost Prop. & Cas. Ins. Co.

2026 NY Slip Op 50089(U)

Decided on January 27, 2026

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2026
Civil Court of the City of New York, Kings County

JPM Physical Therapy, P.C., A/A/O Ricardo Suarez, Plaintiff(s),

againstForemost Property and Casualty Insurance Company, Defendant(s).

Index No. CV-700147-21/KI

The Rybak Firm PLLC, Brooklyn, for Plaintiff.Law Offices of Rothenberg & Romanek, Garden City, for Defendant.

Sandra Elena Roper, J.

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:
PapersNotice of Motion and Affidavits Annexed 1-2Answering Affidavits ___Replying Affidavits ___Exhibits ___Other ___Upon the foregoing papers, and after oral Argument on the record held January 22, 2026, the Decision and Order on Defendant's Motion to Compel Acceptance of Answer and Plaintiff's Cross-Motion for Default Judgment are hereby decided as follows:
Defendant's Motion to Compel Acceptance of Answer is GRANTED and Plaintiff's Cross-Motion is hereby DENIED. Plaintiff's application for a traverse hearing to determine which of two affidavits of service should prevail is rejected. Of emphasis, both affidavits of service were provided by Plaintiff and neither one by Defendant. Arguendo, where Defendant had countered Plaintiff's affidavit of service with a contradictory affidavit of service may have triggered a traverse hearing, this is not the facts herein. Most notably, Plaintiff's Cross-Motion for Default Judgment appended to be considered as its Exhibit 2, affidavit of service stating served on "Wednesday, February 24, 2021, at Friday, March 12, 2021" which was notarized on Saturday, "March 13, 2021". Whereas, not appended to Plaintiff's moving papers is a second affidavit of service designated as NYSCEF 2 stating served on "February 24, 2021" which was notarized on "Thursday April 21, 2022". Where there are two distinct dates of notarization, Plaintiff's scrivener's error argument that the actual date of service was on February 24,2021, its more favorable date, as opposed to March 12, 2021, fails.
Procedurally, it is the papers contained within the motion that are to be considered by the court notwithstanding other documents contained within the clerk of court records. Plaintiff cannot be prejudiced by its own contradictory evidence herein. Rather, the movant's contradictory evidence inures to the benefit of and in the light most favorable to opposing respondent. Notwithstanding the contradictions, jurisdiction of This Court is established. Further, Plaintiff errs as it argues that the court lacks authority to make findings of fact herein because of contradictory language. On the contrary, not being considered is the prayer for relief for summary judgment, which would indeed bar court from engaging in fact finding as a matter of law. However, in both instant motions for default judgment and to compel acceptance of Answer, it is within This Court's limited powers in equity to engage in some fact finding to make its decision.
Consequently, March 12, 2021, is deemed the service date, which upon calculation of the Answer served on April 22, 2021, results in being about seven days late. This Court finds this lateness di minimis in its exercise of its judicial discretion and thus in furtherance of the strong public policy favoring resolution of cases on the merits, Defendant's Answer is deemed accepted non pro tunc.
This constitutes the Decision and Order of the Court. 
Dated: January 27, 2026Brooklyn, New YorkHon. Sandra Elena Roper, JCC